IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RONALD P. MELVIN,<br><br>  Plaintiff,<br><br>vs.<br><br>LAKE COUNTY SHERIFF'S OFFICE; BROOK LIVINGSTON, Deputy, Lake County Sheriff Office; AUSTIN RUBEL, Deputy, Lake County Sheriff Office; MONTANA HIGHWAY PATROL; ANDY IVANOFF, Trooper, Montana Highway Patrol,<br><br>  Defendants. | CV 23–136–M–DLC<br><br><br>ORDER |

United States Magistrate Judge Kathleen L. DeSoto issued her Findings and Recommendation in this case on March 20, 2024, recommending that the Court dismiss Plaintiff Ronald P. Melvin's Complaint (Doc 1.) without prejudice for failure to prosecute, failure to comply with the Court's orders, and failure to timely serve Defendants in compliance with Federal Rule of Civil Procedure 4. (Doc. 8 at 5.) Plaintiff timely filed objections to the Findings and Recommendation. (Doc. 9.) Consequently, Plaintiff is entitled to *de novo* review of those findings and recommendations to which he has specifically and properly objected. 28 U.S.C. § 636(b)(1)(C); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

## BACKGROUND

On November 14, 2023, Melvin, proceeding pro se, filed a Complaint identifying the Lake County Sheriff's Office, Lake County Sheriff's Deputies Brook Livingston and Austin Rubel, the Montana Highway Patrol, and Montana Highway Patrol Trooper Andy Ivanoff as Defendants. (Doc. 1 at 1, 4–5.) Melvin alleges violations of his constitutional rights and brings his claims pursuant to 42 U.S.C. § 1983. (*Id.* at 5.)

On November 5, 2023, Melvin filed Proof of Service forms indicating that he served Sergeant Shawn Silvan of the Montana Highway Patrol on November 29, 2023, and Kayla Croft of the Lake County Sheriff's Office on November 22, 2023. (Docs. 5, 5-1, 5-2.) On February 29, 2024, this Court issued an order liberally construing the Complaint as bringing suit against Lake County, noting that the Montana Highway Patrol is not a proper defendant, and asserting individual capacity claims against Trooper Ivanoff and Deputies Livingston and Rubel. (Doc. 7.) The Court also identified insufficiencies in Melvin's service of the Complaint and summons to these Defendants under Fed. R. Civ. P. 4 and Mont. R. Civ. P. 4. (*Id.*) The Court ordered Melvin to show good cause for failing to timely serve his Complaint on Defendants and warned Melvin that if he failed to show good cause on or before March 15, 2024, the case may be dismissed without prejudice under Fed. R. Civ. P. 4(m). (*Id.* at 6–7.)

Melvin did not respond to the Court's Show Cause Order or submit any further filings in this matter by the March 15 deadline and Judge DeSoto subsequently issued her Findings and Recommendation on March 20.  In the Findings and Recommendation, Judge DeSoto explained that, pursuant to Fed. R. Civ. P. 41(b), "the Court has the authority to dismiss an action for failure to prosecute or to comply with a court order."  (Doc. 8 at 2 (citing *Fendler v. Westgate-Cal. Corp.*, 527 F.2d 1168, 1170 (9th Cir. 1975)).)  Judge DeSoto identified the relevant factors that the Court must consider before dismissing an action pursuant to Rule 41(b), which are: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  (*Id.* at 2–3 (citing *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002)).)  Judge DeSoto concluded that the first four factors weigh in favor of dismissal while the fifth weighs against it and therefore the matter should be dismissed pursuant to Rule 41(b).  (*Id.* at 3–5.)

On March 26, 2024, Melvin filed his Response to Findings and Recommendations Statement of Facts Recommendation, which the Court construes as objections to the Findings and Recommendation.  (Doc. 9.)  Melvin has also filed a Motion for Summary Judgment.  (Doc 10.)

**DISCUSSION**

To begin, Melvin's objections are neither specific nor proper and, therefore, do not warrant *de novo* review of Judge DeSoto's Findings and Recommendation. A proper objection must "itemize" each factual finding and recommendation to which objection is made, "identifying the evidence in the record the party relies on to contradict that finding . . . [and] setting forth the authority the party relies on to contradict that recommendation."  D. Mont. L.R. Civ. 72.3(a) (Dec. 1, 2023).

Melvin's "objections" consist of an affidavit and several documents related to his § 1983 claims.  (*See* Doc. 9.)  Melvin's affidavit reiterates the basis for his § 1983 claim.  (*Id.* at 1–3.)  These statements in no way respond to Judge DeSoto's specific findings and recommendation.  The only portion of Melvin's objections that is remotely responsive to service issue identified in the Show Cause Order and Findings and Recommendation are the Proof of Service forms for Defendants Livingston, Rubel, and Ivanoff, signed in November 2023, that were not previously filed with the Court.  (*Id.* at 26, 28, 32.)  These documents all indicate that service was either not executed because the Defendant is no longer employed with the Lake County Sheriff's Department and their current location is unknown, (*id.* at 26, 28), or the summons was served on Sergeant Shawn Silvan, (*id.* at 32). However, the addition of these forms does not address the service issue addressed by the Court.  Additionally, although Melvin states "[t]he complaint and summons

-4-

have been served to Defendants as by [sic] Federal Rule of Civil Procedure 4(m)" in his Motion for Summary Judgment, (Doc. 10 at 2), there is nothing in the record before the Court to support this statement.

Absent a proper objection, the Court reviews findings and recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Machs., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). Reviewing Judge DeSoto's Findings and Recommendation for clear error, the Court finds none. Judge DeSoto accurately identified the Court's authority under Rule 41(b) and the appropriate factors that must be considered prior to dismissal of an action under Rule 41(b). The Court finds no error in Judge DeSoto's application of the law to the facts of this case.

Accordingly, IT IS ORDERED:

1. Judge DeSoto's Findings and Recommendation (Doc. 8) are ADOPTED IN FULL;

2. Plaintiff Ronald Melvin's Complaint (Doc. 1) is DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute, failure to comply with the Court's orders, and failure to timely serve Defendants in compliance with Fed. R. Civ. P. 4;

3. Plaintiff's pending Motion for Summary Judgment (Doc. 10) is DENIED as moot;

4. The Clerk of Court is directed to enter, by separate document, judgment of dismissal pursuant to Fed. R. Civ. P. 58 and to close this matter. No further filings will be accepted; and

5. The Court CERTIFIES, pursuant to Fed. R. App. P. 24(a)(4)(B), that any appeal from this disposition would not be taken in good faith.

DATED this 8th day of May, 2024.

_____
Dana L. Christensen, District Judge
United States District Court